IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS GONZALES,

    Plaintiff,

vs.

                              No. CIV 97-0099 PK/WWD

SANDOVAL COUNTY,

    Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion for Reconsideration of Court's Decision to Not Award Front Pay or Reinstatement filed March 20, 1998 (doc. 81). The court, being fully advised in the premises, finds that the motion is not well taken and should be denied.

Judgment was entered in this ADA case on March 13, 1998 (doc. 80). Because the instant motion was filed within ten days after entry of the judgment, it is properly considered a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). See VanSkiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). The purpose of such a motion is to correct manifest errors of law or to present newly discovered evidence. Benne v. International Business Machines Corp., 87 F.3d 419, 428 (10th Cir. 1996).

Mr. Gonzales first recounts the evidence supporting an award of front pay and contends that the court "overlooked or ignored the loss of retirement benefits" in not awarding front pay. <u>See</u> Plaintiff's Motion for Reconsideration filed March 20, 1998, at 5 (doc. 81). He also argues that his current job lacks "benefits such as sick leave, a retirement plan or health insurance."[1] <u>Id.</u> Mr. Gonzales candidly admits that the advisory jury award of front pay in the amount of $450,000 is not sustainable on this record. <u>Id.</u>

The difficulty with Mr. Gonzales's position is that he simply did not put on adequate evidence of retirement benefits, let alone sick leave or health insurance. The court did not overlook what little evidence was presented. As stated previously, "on matters of present or deferred compensation Plaintiff did not present the testimony of an economist or any other witness knowledgeable about these matters." Memorandum Opinion and Order filed March 13, 1998, at 13-14 (doc. 79). Although the court, over objection, allowed Plaintiff to testify as to his understanding that he would receive 50 percent of his salary if he retired at age 65 with 20 years of service, several pieces are missing, i.e. life expectancy, salary levels, interest rates, and the type plan (the State has several) applicable to the Sandoval County Sheriff's Department. Mr. Gonzales's application of this formula to potential salaries, <u>see</u> Plaintiff's Motion for Reconsideration filed

---

[1] At trial, Mr. Gonzales testified that his wife works for the State of New Mexico and that he was covered by her health insurance.

March 20, 1998, at 3 (doc. 81), is not grounded in any evidence other than the current salary.  In its response, Sandoval County argues that Mr. Gonzales had not vested and would not vest until 5 years of service.  See Defendant's Response to Plaintiff's Motion for Reconsideration filed April 1, 1998, at 5 (doc. 82).  The court declines the invitation to construe a complex state government retirement system and the numerous plans contained therein, see N.M. Stat. Ann. §§ 10-11-1 to 10-11-141 (Michie 1995 Repl. Pamp. & 1997 Cum. Supp.), without benefit of competent evidence.  It would be pure guesswork, as would the court's estimation of the other unknowns.

　　　　Plaintiff next argues that he was wrongly denied a hearing on his reinstatement claim, that Defendant had the burden to prove reinstatement would be inappropriate given the ADA violation, and that reinstatement should have been ordered based upon Jackson v. City of Albuquerque, 890 F.2d 225 (10th Cir. 1989).  First, Plaintiff did not request a separate hearing on reinstatement and does not indicate what other evidence he might have presented.  Second, the court did consider the conduct of the parties and Plaintiff's desire for a career in law enforcement.  That was outweighed, however, by the hostility reinstatement would engender in this particular environment and Plaintiff's current employment.  Reinstatement, though a preferred remedy, is simply not appropriate in every case.  See Hudson v. Reno, 130 F.3d 1193, 1202 (6th Cir. 1997).  To the extent that Defendant had the burden of showing that

reinstatement was inappropriate, cf. Doane v. City of Omaha, 115 F.3d 624, 630 (8th Cir. 1997), cert. denied, 118 S. Ct. 693 (1998), that burden was met.

In Jackson, a § 1983 case, the Tenth Circuit indicated that denial of reinstatement could not be justified where the antagonism originated from the wrongdoer.  The court noted that most of those complaining about the plaintiff had moved on and the plaintiff's position as an assistant superintendent in the parks and recreation division of the City did not involve "any special or sensitive type of personal confidence or a personal loyalty or mutual trust between plaintiff and his superiors, the absence of which might jeopardize the conduct of the city's affairs."  Id. at 232, 235.  In the law enforcement context of this case, a compelling need for personal confidence, personal loyalty and personal trust has been shown.  These would be missing were reinstatement ordered, and many of the personnel with whom Mr. Gonzales had tense relationships are still employed by Sandoval County.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Reconsideration of Court's Decision to Not Award Front Pay or Reinstatement filed March 20, 1998 (doc. 81) is DENIED.

DATED this  23rd  day of April, 1998 at Santa Fe, New Mexico.

*/s/ Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Nicholas R. Gentry, Oman, Gentry & Yntema, P.A., Albuquerque, New Mexico, for Plaintiff.

Kevin M. Brown, Albuquerque, New Mexico, for Defendant.